Filed 5/13/25  P. v. Coleman CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B337534 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA150419) |
| v. | |
| MARKESS COLEMAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hector E. Gutierrez, Judge.  Reversed and remanded.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief

Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, and Kristen J. Inberg and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

Markess Coleman (defendant) appeals the trial court's summary denial of his motion for relief under Penal Code section 1172.6.[1] The trial court found defendant ineligible for relief as a matter of law because he entered his plea to attempted murder in January 2021, which was *after* Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) became effective and narrowed the universe of conduct punishable as homicide. However, because the applicability of this new law to the crime of *attempted* murder was still unclear at the time of defendant's plea, we cannot assume that his plea and prosecution complied with that new law. We accordingly reverse and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

### I.    Prosecution

In October 2019, the People filed a felony complaint charging defendant with two counts of attempted premeditated murder committed on September 8, 2019 (§§ 187, 664); alleging that the crimes were committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)(C)); and alleging that defendant personally discharged a firearm causing great bodily injury as well as that a principal did so (§ 12022.53). In the operative, second amended felony complaint, the People additionally charged a count of attempted premeditated murder committed on October 18, 2019 (§§ 187,

---

1    All further statutory references are to the Penal Code unless otherwise indicated.

664); charged two counts of being a felon in possession of a firearm (§ 29800, subd. (a)(1)), one committed on September 8, 2019, and the second committed on October 18, 2019; and alleged gang enhancements on all new counts and firearm enhancements on the new attempted murder count.

In January 2021, defendant waived his right to a preliminary hearing, the People amended the operative complaint to delete the premeditation allegation from the October 18, 2019, attempted murder count as well as to add an allegation that defendant personally used a firearm (§ 12022.5, subd. (a)), and defendant entered a no contest plea to the amended attempted murder count and to the newly added firearm enhancement.

The trial court imposed a 15-year prison sentence, comprised of the low-end term of five years for the attempted murder count plus 10 years for the personal use enhancement.

## II.    Procedural Background

On April 10, 2023, defendant filed a petition seeking resentencing under section 1172.6.  The People filed an opposition to the petition.

On February 28, 2024, the trial court summarily denied the petition because, in the court's view, defendant "was convicted under the current law" because he entered his plea after Senate Bill 1437 took effect on January 1, 2019.

Defendant filed this timely appeal.

## DISCUSSION

Defendant argues that the trial court erred in summarily denying his section 1172.6 petition.  Because our analysis of the trial court's order turns on the interpretation of section 1172.6 as well as the application of the law to undisputed facts, our review

is de novo.  (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1123; *People v. Alvarez* (1996) 14 Cal.4th 155, 182.)

Senate Bill 1437 amended and narrowed the statutory definition of murder in California.  (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Patton* (2025) 17 Cal.5th 549, 556 (*Patton*).)  It also enacted section 1172.6,[2] thereby creating a procedural mechanism by which defendants convicted of murder prior to Senate Bill 1437's effective date can file a petition seeking vacatur of their murder convictions and resentencing upon a showing, among other things, that they "could not presently be convicted" under the law as amended by Senate Bill 1437.  (§ 1172.6, subd. (a)(3); *Patton*, at pp. 558-559.)  A trial court can summarily deny a petition under section 1172.6 only if the defendant fails to make a "prima facie case for relief," which occurs when the "petition lacks merit *as a matter of law*." (*Patton*, at pp. 557, 562, 565-566; *People v. Lopez* (2023) 88 Cal.App.5th 566, 576.)

The trial court erred in summarily denying defendant's petition.  To be sure, a section 1172.6 petition may be summarily denied as to a conviction sustained *after* Senate Bill 1437 took effect because such a conviction is presumed to comply with that new law and hence *not* rest on any theory of murder liability invalidated by that law.  (E.g., *People v. Reyes* (2023) 97 Cal.App.5th 292, 298.)  But defendant entered his plea to the crime of attempted murder in January 2021.  At that time, the Courts of Appeal were divided over whether Senate Bill 1437 narrowed the definition of the crime of *attempted* murder (and

---

[2]    When enacted, what is now codified at section 1172.6 was codified at section 1170.95.  (Stats. 2018, ch. 1015, § 4 [enactment]; Stats. 2022, ch. 58, § 10 [renumbering].)

thus whether it granted defendants convicted of *attempted* murder the right to seek relief under what is now section 1172.6). (Compare *People v. Lopez* (Aug. 21, 2019) B271516, opn. ordered nonpub. Nov. 10, 2021 [Senate Bill 1437 does not apply to attempted murder], *People v. Munoz* (Sept. 6, 2019) B283921, opn. ordered nonpub. Jan. 5, 2022 [same], and *People v. Dennis* (Apr. 14, 2020) G055930, opn. ordered nonpub. Jan. 5, 2022 [same] with *People v. Medrano* (Dec. 3, 2019) F068714 & F069260, opn. ordered nonpub. Jan. 26, 2022 [Senate Bill 1437 applies to attempted murder] and *People v. Sanchez* (Mar. 16, 2020) F076838, opn. ordered nonpub. Jan. 5, 2022 (*Sanchez*) [same].)  This conflict was ultimately resolved by our Legislature on January 1, 2022, when Senate Bill No. 775 took effect and explicitly amended the law to specify that section 1172.6 provided relief to defendants convicted of attempted murder under a natural and probable consequences theory.  (Stats. 2021, ch. 551, § 2, subd. (a); *People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3.)  Because the law regarding the application of Senate Bill 1437 was unsettled at the time defendant entered his plea in January 2021, we cannot presume that his conviction rested on a valid theory of liability.  Nor can we conclusively find that defendant's plea rests on a valid theory due to the evidence presented during the preliminary hearing (because no such hearing was held) or due to the charging document (because the crime was generically charged (*People v. Estrada* (2024) 101 Cal.App.5th 328, 337-338)).  As the People concede, the trial court accordingly erred in summarily denying defendant's petition.

We thus remand the matter for the trial court to proceed in a manner consistent with section 1172.6, and again consider whether defendant's petition states a prima facie case for

resentencing.  We express no opinion on whether defendant would be entitled to the recommended relief upon remand.

We have also identified a clerical error in the abstract of judgment.  The abstract of judgment misspells defendant's name as "Karkess."  The trial court has a duty to ensure a correct abstract is prepared; accordingly, a corrected abstract, with the correct spelling of defendant's name, must be prepared. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385-389.)

## DISPOSITION

The court's order of February 28, 2024, denying defendant's petition for resentencing for failing to state a prima facie case is reversed and the matter remanded for further proceedings.  The trial court is also directed to prepare a corrected abstract of judgment with the correct spelling of defendant's name, and to forward the corrected abstract of judgment to the California Department of Corrections and Rehabilitation.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P.J.
HOFFSTADT


We concur:


_____, J.
BAKER


_____, J.
MOOR


6